IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT ALLEN AST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 09-CV-2519 EFM/DWB |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| A Railroad Corporation, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

Serve:

The Corporation Company, Inc.
515 S. Kansas Avenue
Topeka, KS 66603

## COMPLAINT

ROBERT ALLEN AST, Plaintiff, for his cause of action against Defendant BNSF RAILWAY COMPANY (BNSF), states and alleges as follows:

PARTIES, JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. (FELA).

3. Plaintiff resides at 2020 E. 6th Avenue, Emporia, Lyon County, Kansas 66801.

4. Defendant BNSF is and was at all times relevant a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

5. Defendant BNSF operates trains in the transportation of freight in and between the States of Kansas and Texas and other states, and, at all relevant times mentioned, is and was engaged in business in Kansas City, Wyandotte County, Kansas. Defendant's Registered Agent for service of process is: The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS 66603.

## ALLEGATIONS

6. In May 2008, and for a long time prior thereto, Plaintiff was employed by and working for Defendant BNSF as a conductor. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on or about May 4, 2008, plaintiff was employed by and engaged with the Defendant BNSF in interstate commerce.

7. On or about May 4, 2008, while plaintiff was engaged in interstate commerce with and working for Defendant BNSF as a conductor at Amarillo, Texas, it became and was his duty to operate a railroad switch in order to effect a switching movement. As Plaintiff was so engaged in the course and scope of his employment and, as he was attempting to operate the railroad switch, the said switch was defective and hard to throw. As a direct result of the foregoing, Plaintiff sustained permanent, painful, disabling bodily injuries hereinafter described.

## FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

8. At all times materials hereto, Defendant BNSF was under a duty to furnish and provide Plaintiff with a reasonably safe work place, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

9. Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant BNSF in one or more of the following respects, to-wit:

   a. it negligently and carelessly allowed said switch to be and remain defective and/or in a state of disrepair;

   b. it negligently and carelessly failed to properly inspect, maintain and repair the switches along its railroad line at or near Amarillo, Texas, including the switch Plaintiff was operating, so that the same could be safely operated by its employees, including Plaintiff;

   c. it negligently and carelessly failed to perform regular inspections, maintenance of repair of the switches along its railroad line at or near Amarillo, Texas, including the switch Plaintiff was operating, so that the same could be safely operated by its employees, including Plaintiff;

   d. it negligently and carelessly failed to promulgate and enforce reasonable safety rules, customs, policies, practices and procedures for inspection, maintenance and repair of the switches along its railroad line at or near Amarillo, Texas;

   e. it negligently failed to furnish and provide Plaintiff with adequate warnings that the switches along its railroad line at or near Amarillo, Texas, including the switch Plaintiff was operating, were defective and/or were in a state of disrepair and were hard to operate.

10. Each of Defendant BNSF's above described acts or omissions constitutes negligence.

11. By reason of the foregoing acts or omissions, Defendant BNSF knew, or in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

12. As a direct result of the foregoing negligent acts or omissions of Defendant BNSF, Plaintiff suffered trauma and injuries to his left arm, with swelling, straining, tearing and rupturing of the biceps tendon of the left elbow. These injuries have required Plaintiff to undergo extensive medical treatment and surgery. Because of these injuries, Plaintiff's left arm and Plaintiff's general health and strength have been weakened, diminished and impaired. Plaintiff has suffered and will ever suffer severe physical pain. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

13. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses:  a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) inability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays for judgment against Defendant BNSF in an amount exceeding $75,000, for pre-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court his Complaint.

**JURY TRIAL DEMAND**

Pursuant to Fed.R.Civ.P. 38, the Plaintiff ROBERT ALLEN AST demands a trial by jury.

**DESIGNATION OF PLACE OF TRIAL**

Pursuant to U. S. District Court, District of Kansas Local Rule 40.2, Plaintiff ROBERT ALLEN AST designates Kansas City, Kansas as the place of trial.

Respectfully Submitted,

BARNES LAW FIRM, LLC

 /s Kenneth E. Barnes
Kenneth E. Barnes, KS No. 19381
T. K. Smith,          KS No. 78002
1100 Main Street, Suite 2300
Kansas City, MO 64105
TE: (816) 221-4321
FX: (816) 471-4321
kbarnes@law4321.com
tksmith@law4321.com

Attorneys for Plaintiff