# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT ALLEN AST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BNSF RAILWAY COMPANY, )<br>)<br>Defendant, )<br>_____) | Case No. 09-2519-EFM |

## MEMORANDUM AND ORDER

The Court now considers the Motion to Change Venue filed by Defendant BNSF Railway. (Doc. 11.) Defendant requests a transfer in venue from the District of Kansas, Wichita Division, to the Northern District of Texas, Amarillo Division. Plaintiff filed a response in opposition. (Doc. 13.) Defendant did not file a reply and has indicated to the Court it does not intend to do so. Having fully reviewed the filings of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiff, who is a long-time employee of Defendant and a resident of Kansas, filed the present action on October 6, 2009, claiming negligence under the Federal Employers' Liability Act ("FELA"). (Doc. 1.) Defendant is a corporation "engaged in the operation of a system of railways as a common public carrier of

1

freight for hire between the various states of the United States and engaged in interstate commerce by railroad." (*Id*., at ¶ 4; Doc. 4, at ¶ 3.) It is uncontroverted that Defendant's "main headquarters" is located in Ft. Worth, Texas, with an operating facility in Amarillo. (Doc. 12, at 1.)

Plaintiff alleges that he sustained "permanent, painful, disabling bodily injuries" while working for Defendant as a conductor at Amarillo, Texas, on May 4, 2008. (Doc. 1, at 2.) He further alleges that he was "attempting to operate [a] railroad switch," which "was defective and hard to throw." (*Id*.) He contends his injuries were the direct result of certain acts or omissions by Defendant that constitute negligence. (*Id*., at 3.) According to Plaintiff, the main-line switch in question "is utilized by railroaders from across the nation." (Doc. 13, at 2.) Further, the switch "was utilized by a crew based in Kansas and any complaints regarding the switch in question would likely have been made to union representatives in Kansas." (*Id*.) Defendant concedes the train in question was traveling from Amarillo, Texas, to Wellington, Kansas. (Doc. 12, at 2.) Plaintiff designated the U.S. District Court for the District of Kansas, Kansas City Division, as the place for trial. (Doc. 1, at 5.)

Defendant contends that it would be "materially inconvenienced" and incur substantial expense if the trial were held in Kansas City, Kansas. (Doc. 12, at 2.)

2

It argues that all of its records and witnesses are all located in Amarillo and Ft. Worth, while Plaintiff himself is the only witness to the accident. (*Id*., at 2-3.) It continues that "[t]here are no Kansas City (or Kansas) contacts or points of performance relative to the claimed 'negligence' in this case." (*Id*., at 4.) Defendant continues that

> Plaintiff's only witness and the only one with knowledge of injury event claimed (apart form [sic] other defendant employees which he might call/subpoena) is plaintiff himself, and he is a resident of Emporia, Kansas. Plaintiff must travel anyway and be prepared to expend time and effort in either Kansas City or Amarillo (albeit the distance is somewhat shorter to Kansas City for plaintiff).[1]

(*Id*., at 5.) It also argues that Plaintiff's medical witnesses can be offered by video deposition rather than in person. (*Id*.) "In sum, moving the trial to Armadillo [sic] would create significantly more net increase in ease, efficiency, and cost control than Kansas City, because most of the factual work of defense is located within Amarillo offices and with defendant's employees in Texas." (*Id*., at 5-6.)

Plaintiff counters that Defendant "<u>is empowered to compel its witnesses by nature of their employment and routinely does so for the purposes of litigation</u>."

---

[1] The Court notes that the distance from Emporia to Kansas City, Kansas, is approximately 105 miles while the distance between Emporia and Amarillo, Texas, is more than 500 miles. As such, the distance between Emporia and Kansas City cannot be reasonably characterized as "somewhat shorter" than the distance between Emporia and Amarillo.

(Doc. 13, at 2, emphasis in original.) He argues that the witnesses he would call, including health care providers, witnesses relating to finances, and "health impact witnesses," would be "substantially inconvenienced by a change in venue." (*Id*., at 2-3.) Plaintiff "lacks the ability to compel these numerous potential witnesses to travel to Texas." (*Id*., at 3.) "Furthermore," according to Plaintiff, "the majority of ths case, like any Federal Employers' Liability Act case, will revolve around the issue of damages – for which 100% of the witnesses are located in Kansas." (*Id*., at 2.) Plaintiff also argues that a change in venue would result in delay, which would be further prejudicial to him. (*Id*., at 4.)

## DISCUSSION

Under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. The moving party has the burden of proving that the Plaintiff's choice of venue is inconvenient. ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992); ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991); ***Lone Star Steakhouse & Saloon, Inc. v. Adams***, 169 F. Supp. 2d 1197, 1203 (D. Kan. 2001). The decision whether to grant such a motion is within the discretion of the district court and must be evaluated on a case-by-case basis. ***Chrysler Credit Corp***, 928 F.2d at 1516; ***Sheldon v. Vermonty***, 31 F. Supp. 2d 1287, 1297

4

(D. Kan. 1998). Unless the balance of inconvenience strongly favors the moving party, Plaintiff's "choice of venue will not be disturbed." *Michaels v. Union Pacific R. Co.*, No. 06-cv-02340-PSF-BNB, 2007 WL 1832109, at *5 (D. Colo. June 22, 2007).

The civil action in this case is governed by the Federal Employers' Liability Act, which includes a venue provision. 45 U.S.C. § 56. Under the terms of FELA, venue is proper "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Courts in this Circuit have consistently held that when a defendant does business in both states at issue, venue is proper in either state pursuant to the terms of FELA's venue provision. *Springer v. Union Pac. R. Co.*, No. 08- cv-02104-WDM-MJW, 2009 WL 960720, at *1 (D. Colo. April 8, 2009). "Notwithstanding FELA's broad venue provision, however, cases brought under FELA are not exempt from the scope of 28 U.S.C. § 1404(a)." (*Id*., citing *Ex parte Collett*, 337 U.S. 55, 60-61, 69 S.Ct. 944, 93 L.Ed. 1207 (1949).)

Section 1404(a) allows a court

> to transfer this case to another district where it might have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.' Indeed, '[s]ection 1404(a) is intended to place discretion in the district court

5

> to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'' ***Stewart Org., Inc. v. Ricoh Corp.***, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting ***Van Dusen v. Barrack***, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). There is a 'strong presumption in favor of ... the plaintiff's chosen forum.' ***Gschwind v. Cessna Aircraft Co.***, 161 F.3d 602, 606 (10th Cir.1998) (citing ***Piper Aircraft Co. v. Reyno***, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). The 'presumption is overcome 'only when the private and public interest factors clearly point towards trial in the alternative forum.'' *Id*. (citing ***Piper Aircraft Co***., 454 U.S. at 255). Defendants bear the burden of showing the Plaintiff's chosen forum is inconvenient. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir.1991). <u>Shifting the inconvenience from defendants to plaintiff, by itself, is not a permissible justification for granting the motion</u>. ***Scheidt v. Klein***, 956 F.2d 963, 966 (10th Cir.1992).

*Id*. (Emphasis added).

Defendant argues that the Court should transfer the case to the Northern District of Texas because of the inconvenience to Defendant of litigating in Kansas. Certainly, under the venue provisions in these statutes, this suit *may* have been brought in federal district court in either Kansas or Texas.[2] Defendant is a corporation with its headquarters in Ft. Worth, Texas, (Doc. 12, at 1), but it conducts business in Kansas – and the route at issue was initiated, and terminated,

---

[2] Alternatively, it theoretically could have been brought in any number of states where the Defendants transacted business.

in Wellington, Kansas. (Doc. 13, at 4.)

When deciding whether to allow transfer under § 1404(a), this court must consider the following factors identified by the Tenth Circuit:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp*, 928 F.2d at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)); *see Adams*, 169 F. Supp. 2d. at 1203.

The court finds Defendant's arguments for transfer to be unpersuasive.

> Unless the balance is strongly in favor of the movant, the court should rarely disturb the plaintiff's choice of forum. Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue.

*Adams*, 169 F. Supp. 2d. at 1203 (quoting *Scheidt*, 956 F.2d at 965). Defendant has not explained how its level of inconvenience is enough to overwhelm the deference given to Plaintiff's choice of forum – not to mention the compelling arguments made by Plaintiff regarding potential cost and inconvenience to him if

the trial were moved.

There is no evidence that a Kansas forum would be a factor contributing to an unfair trial. There is no reason to believe – and no evidence has been presented – that the court dockets in the Northern District of Texas are less congested that the dockets in Kansas. The conflict of laws consideration is basically neutralized by the fact that Plaintiff's claims all arise under federal law. The Court has considered the relevant factors and finds that the Defendant failed to sustain its burden of proving that the Plaintiff's choice of forum should be disturbed.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Change Venue (Doc. 11) is **DENIED**.

Dated at Wichita, Kansas, on this 23rd day of December, 2009.

                                              s/ DONALD W. BOSTWICK
                                              DONALD W. BOSTWICK
                                              UNITED STATES MAGISTRATE JUDGE