## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT ALLEN AST

     *Plaintiff,*

vs.

BNSF RAILWAY COMPANY,

     *Defendant.*

Case No.  09-2519-EFM/DWB

## MEMORANDUM AND ORDER

      Plaintiff Robert Ast filed the instant action against Defendant BNSF Railway Company seeking damages under the Federal Employer's Liability Act ("FELA").  Presently before the Court is BNSF's Motion for Leave to Depose Plaintiff (Doc. 69).  For the reasons set forth below, the Court denies the motion.

### I.  Factual and Procedural Background

      Ast alleges that he was injured in the course of his employment as a conductor with BNSF when he attempted to operate a "hard-to-throw" railroad switch.  Ast filed the instant action under the Federal Employers' Liability Act ("FELA"), claiming that BNSF negligently allowed the switch in question to become defective.  According to Ast, BNSF knew or should have known the switch was defective and hazardous to employees.  Ast seeks damages for lost earnings and benefits, lost household services, and non-economic damages related to past and future pain and suffering, lost

quality of life, and emotional damages.  BNSF denies that Ast's alleged injuries and damages were caused by a workplace injury; alternatively, BNSF denies the alleged injury was foreseeable and contends that Ast was contributorily negligent.

Ast filed suit on October 6, 2009 and was first deposed on February 18, 2010.  At the time of his deposition, trial was scheduled for April 12, 2011.  Since the deposition, the trial date has been continued three times, and is currently scheduled to begin February 14, 2012.  BNSF now requests leave to depose Ast a second time.  BNSF's motion presents two issues: (1) whether the Court should limit discovery because the information to be uncovered is unreasonably cumulative, could have been obtained by discovery, or is unduly burdensome; and (2) whether BNSF has shown good cause to modify the Court's scheduling order.[1]  The Court denies BNSF's motion because Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure requires courts to limit discovery that is unreasonably cumulative, untimely, and overly burdensome.

## II.  Legal Standard

Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), a party must obtain the Court's leave to depose a party who has already been deposed in a case.  "Courts generally disfavor repeat depositions,"[2] but courts must also " 'be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case.' "[3]  When deciding whether to grant leave

---

[1]  The second issue was not raised by the parties, but because the Court would have to re-open discovery to permit the request deposition, BNSF's motion implicitly asks the Court to modify the scheduling order in this case.  Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."

[2]  *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) (internal quotation marks omitted) (citation omitted).

[3]  *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388, 2008 WL 3895474, * 3 (D. Kan. Aug. 21, 2008) (quoting Fed. R. Civ. P. 26 advisory comm. comments to 1983 amend.).

under Rule 30(a)(2), courts must apply the standard for limiting discovery set out in Rule 26(b)(2),[4]

which states that discovery should be limited if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.[5]

Courts have "considerable discretion" when applying the principles set out in Rule 26(b)(2)(C).[6]

## III.  Analysis

Analyzing BNSF's motion for leave to depose Ast a second time presents some difficulty because it is unclear what information BNSF intends to solicit from Ast.  In BNSF's memorandum in support of its motion, BNSF asserts that it is "entitled to re-depose plaintiff as to the limited issue of any changes in his status."[7]  Ast, however, responded: "There has been no change in Mr. Ast's condition or activities since his first deposition."[8]  Ast went on to rebut BNSF's claim that the passage of time necessitated a second deposition.[9]  In reply,  BNSF offered a new reason as to why it must re-depose Ast— documents BNSF discovered after Ast's deposition conflict with statements

---

[4]  Fed. R. Civ. P. 30(a)(2).

[5]  Fed. R. Civ. P. 26(b)(2)(C)(i–iii).

[6]  *Foreclosure Mgmt. Co.*, 2008 WL 3985474, at *4.

[7]  Doc. 70.

[8]  Doc. 73.

[9]  BNSF claims that this requested update is necessary due to the length of time passed since Ast's first deposition.  Interestingly, BNSF also states that "no significant changes in the status of plaintiff's claims would be expected to occur" in the 14 months between the original deposition and the anticipated trial date of April 12, 2011. (Doc. 70.) BNSF fails to explain, however, why the passage of eight more months now calls into question the status of Ast's claims.

Ast made during his deposition.  Namely, BNSF alleges that VA records show that prior to Ast's deposition, Ast was diagnosed with service-related PTSD that prevented him from obtaining gainful employment and made him eligible for disability benefits.  Because BNSF fails to state why it must re-depose Ast in light of these documents, and more importantly, because this explanation was offered in BNSF's reply brief rather than its initial motion, the Court will assume that BNSF wishes to re-depose Ast to ascertain "any changes in [Ast's] status."

**A.      *Unreasonably Cumulative***

First, BNSF bears the burden of proving that discovery already conducted in this case is insufficient and that a second deposition of Ast will not be cumulative.[10]  "Cumulative evidence is defined as evidence which goes to prove what has already been established by other evidence."[11] The proposed deposition in this case is cumulative because BNSF seeks to discover information already in its possession.  Ast's response to BNSF's motion states that Ast's status has not changed since the February 2010 deposition.  Furthermore, the new information about Ast's VA claims discussed in BNSF's reply brief is already in BNSF's possession.  To the extent BNSF wishes to question Ast about inconsistencies between this information and Ast's deposition testimony, the appropriate forum to address such evidentiary conflicts is during cross-examination.[12]

_____

[10] *See Clay v. Bd. of Tr. of Neosho Cnty. Comm. Coll.*, No. 94-2282, 1995 WL 646817, *2 (D. Kan. Sept. 26, 1995).

[11] *Smith v. Sec. of New Mexico Dep't of Corr.*, 50 F.3d 801, 829 (10th Cir. 1995) (internal quotation marks omitted) (citations omitted).

[12] *See Martial Arts Industry Ass'n, LLC v. Scott*, No. 09-140, 2010 WL 2721034, *1 (W.D. Okla. July 7, 2010).

**B.**     *Opportunity to Obtain the Information by Discovery*

Second, the Court must limit discovery if the party seeking discovery had ample opportunity to obtain the requested information during discovery.[13]   BNSF claims it "has not had any meaningful opportunity to obtain such additional information [about Ast's current status], as discovery has now been closed for nearly nine months."[14]   Ast responds that he has supplemented discovery five times in the time between his deposition and August 2011.

A status update likely could not have been accomplished through discovery.  BNSF claims that the passage of time that necessitates a second deposition.  Because discovery has been closed since November 2010, BNSF had no means by which it could compel information from Ast.[15]  To the extent BNSF relies on post-deposition discovery, BNSF did not reveal the precise date the VA documents were obtained-simply that the information was discovered "subsequent" to Ast's deposition on February 18, 2010.  Although courts do not presume intentional delay or bad faith,[16]

---

[13]  Fed. R. Civ. P. 26(b)(2)(C)(ii).

[14]  Doc. 70.

[15]  BNSF's motion fails to articulate when a status update became necessary.  BNSF emphasizes the trial continuances in this case.  But reliance on these continuances leads to the implicit assertion that a second deposition would not be required had the trial taken place in April 2011—fourteen months after Ast's deposition.  Instead, it appears the critical date at which BNSF could expect "significant changes in the status of plaintiff's claims" occurred in the last two months.  BNSF moved to continue the trial from April 12, 2011 until August 9, 2011.  Notably, BNSF did not request the Court to open discovery or grant leave to re-depose Ast at that time.  It can thus be inferred that BNSF saw no reason to expect "significant changes in the status of plaintiff's claims" during this four-month continuance.  And BNSF has failed to explain why it is reasonable to expect a relevant change in Ast's status in the time between August 2011 and February 2012.

[16]  *See Dixon*, 164 F.R.D. at 692.

BNSF has not shown that it lacked the opportunity to obtain the desired information during the nine months of discovery that followed Ast's deposition.[17]

## C.      *Cost-Benefit Analysis*

Third, under FRCP 26(b), the Court must limit discovery if the burden of the movant's request outweighs the proposed benefit of discovery.[18]   BNSF argues that its request to re-depose Ast is not unduly burdensome:

> The deposition will not be lengthy, and counsel for defendant is willing to travel to plaintiff's residence in Emporia, Kansas to conduct the deposition.  By contrast the burden on defendant if this additional discovery is not allowed could be great, as it will have no chance to discover how, if at all, plaintiff's circumstances have changed in the eighteen months since he was last deposed.[19]

BNSF's analysis is incomplete because it fails to articulate the relevance of Ast's current circumstances to the present case.[20]   BNSF's liability under FELA will turn on past events surrounding Ast's injury rather than his present condition.  Ast's current status—as well as his PTSD claim with the VA—is relevant only to his claim for damages.  BNSF has long contended that Ast's alleged injuries were pre-existing and requested apportionment of any damages sought and awarded.[21]  Therefore, because BNSF's request to re-depose Ast offers no benefit to BNSF, a second deposition is overly burdensome.

---

[17] BNSF could have learned more about Ast's service-related disabilities through other methods of discovery. For example, with appropriate releases, BNSF could have deposed one of Ast's doctors or VA officials.  *See, e.g.*, *Scott*, 2010 WL 2721034, at *1 (stating that a motion for leave to re-depose a witness was cumulative in part because "plaintiffs could have taken the deposition of a [third-party] representative regarding these documents").

[18] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[19] Doc. 70.

[20] *See, e.g.*, *Trentadue v. F.B.I.*, 572 F.3d 794, 808 (10th Cir. 2009) (denying a plaintiff's discovery request when the plaintiff failed to demonstrate the relevance of proposed depositions).

[21] *See, e.g.*, Doc. 51, filed Sept. 23, 2010.

In conclusion, the Court denies BNSF's motion to depose Ast because the information BNSF seeks to uncover in the second deposition is cumulative and irrelevant to the pending litigation.[22] Ast informed BNSF that his circumstances have not changed since his first deposition. To the extent BNSF wishes to tread new ground in light of post-deposition discovery, it will have a chance to examine Ast on the witness stand.

**IT IS ACCORDINGLY ORDERED** this 25th day of October, 2011 that Defendant's Motion for Leave to Depose Plaintiff (Doc. 69) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[22] Because the Court finds that BNSF is not entitled to re-depose Ast pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), the Court need not decide whether BNSF has shown good cause for modifying the Court's scheduling order as required by Rule 16(b)(4).